Good morning, Your Honor. My name is Michael Tremann. I represent Mr. Washington in this appeal, and I would like to reserve two minutes' time for you. You may do so, counsel. Just watch the clock. Thank you. Mr. Washington's case, this one coming before the Ninth Circuit, is a fairly long and convoluted history. And so in the opening brief, what I tried to do was to set out in detail that history, even though a lot of it was not immediately relevant to this particular appeal. So I wanted to start this morning by seeing if there was anything about the procedural steps, either for this appeal or the overall history of the case, that any of the Justices had any questions about that I could clarify. I do have a question. It seemed to me that, and I believe what the government argued, was that what's on appeal here is the denial of the Rule 60B motion, and that you're not appealing the Certificate of Appealability or anything related to that order. Can you help me understand what exactly is on appeal here? The Certificate of Appealability, the denial of the Certificate of Appealability, to the extent that there was a denial, is not on appeal. There are three issues that were certified in the Certificate of Appealability. Those are on appeal. And those have to do with whether or not the district court correctly rejected the 60B-4 motion with regard to three specific issues, all three of which were somewhat right in the original 2255 motion. So we're going back and looking at the original 2255 motion. So the issue on which the Certificate of Appealability was not granted, which was, I guess, Judge Tavrizian's unfamiliarity with the record, you're not arguing that here. So is it your position that a COA is necessary for the denial of a Rule 60B motion? Well, it is my position in the sense that this Court so ruled and returned the case to the district court for exactly that reason. The problem with that first issue is that it overlaps to some degree with the resolution of the first two issues for which Certificates of Appealability were granted. And the reason why it overlaps is because the opinion of Judge Tavrizian did not address those two issues when he denied the 2255 motion. Now, whether or not you want to look at that as a familiarity or unfamiliarity with the record argument, I don't think is really germane. The facts are clear. The issues were raised in the original petition, and they were not discussed at all in the opinion. Why, I think, is irrelevant. The judge, I think, said the rest of the claims are meritless. So I guess that was his way of taking care of all the other issues that were raised. And I, and I submit, Your Honor, have no way of knowing whether or not that's what that was. That's the problem with it. And I think under the rules for adjudicating a 2255 motion, where you have specifically clear issues that are raised, you have to say something to reflect that they've been adjudicated. And I don't think that statement, which Your Honor has correctly paraphrased, does that. And therefore, I think the court has to look at the record as reflecting that those issues were not specifically ruled on and adjudicated. And then our argument would be, therefore, the 2255 order is void for failure to do that. Now, counsel, the government will probably tell us that the 60B motion was really an end run around a second or a success of 2255. What's your response? Well, Your Honor, if that were, in fact, the government's position, then they would have needed to have appealed that decision by the district court judge, and they didn't do that. And I don't really believe they've argued that in their briefs. It's clear the district court judge made that ruling. And therefore, if you're going to challenge it, you've got to put this court and opposing party on notice that you're going to challenge the conclusion by the district court, which was that it is not an end run around a 2255 motion or a success of 2255 motion. So help me understand that part, because I don't remember that argument. So the court denied the Rule 60B motion, and you're saying that the government should have appealed that? When the court did its analysis, it concluded that what had been filed was properly viewed as a 60B4 motion, not a successive 2255 motion. And what I'm saying is that if the government disagreed with the conclusion that it wasn't a successive 2255 motion, they should have appealed that part. That's what I'm having trouble understanding, because I thought the district court denied the motion. So what would the government have appealed? The government prevailed. The government won. And they should have cross-appealed on our appeal once that appeal was filed to make clear before this court that they were challenging the finding that what was an issue was a 60B4 motion, and they didn't do that. And I don't believe that they've raised that effectively in their brief either. The way I read their brief, they accept the fact that it's not a successive 2255 motion. Well, now, we can affirm the district court on any grounds supported by the record. So whether there's a cross-appeal or not, we could still determine that it was a disguised 2255B. So perhaps you could address why, given that you're only looking at the three claims, why those don't constitute claims going to the merits, which Gonzales v. Crosby told us constitute a 2255 motion. Two of those couldn't be viewed as going to the merits of the 2255 motion, because they weren't considered by the district court judge when he ruled on the 2255 motion. The only argument that can be raised has to do with the failure to consider them, not whether or not if they had been considered, the result would have been A or B. Well, let's go back then to your statement that the district court had to expressly address every claim. Now, we know from Harrison v. Richter that's not true, at least in the state habeas context, that even silence by the state court is deemed to be adjudicated on the merits. Why is it different here? Is there a case you can point to? The only authority that I have for that is the language that's contained in the statute itself, which requires the district court judge to both address and make findings with regard to all of the issues that are raised. There are no findings by the district court judge in this particular case as to those two issues. The third issue is a different ball of wax, but as to those two, there's no discussion, there are no findings, and the statute requires them, whereas I don't believe that there's a similar statute for the state court. Do you want to address the third issue, or do you want to? I see your time is running out. Let me just say this about the difference with the third issue. The difference with the third issue isn't that the district court judge in ruling on the 2255 motion didn't consider it. It's that he never afforded the petitioner the opportunity to address the only basis that the district court judge used for denying the apprendee-related claim, and that is the ineffective assistance of appellate counsel. That issue was raised sui sponte by the district court judge. No effort was made in the process to give the petitioner the opportunity to address it, and hence there was, in my view, neither notice of the fact that that claim was going to be considered or opportunity to be heard, which is the corollary concept relating to the evidentiary hearing, which is the third ground recognized for the certificate of appealability by the district court judge. I'll see you down to about a minute. Thank you, Your Honor. We'll hear from the government. Good morning, Your Honor. May it please the Court. Would you introduce yourself for the record? Yes. Patrick Fitzgerald from the United States Attorney's Office on behalf of the United States. Your Honor, the issue here is a very limited issue, and to the counsel, defense counsel is correct that to the extent that the very limited issue of Judge Tabrezian's familiarity or unfamiliarity with the case is what is raised in the Rule 60b-4 motion, then the government is not contesting before this court that the motion is a successive 2255. To the extent that it is being treated as a vehicle to raise on the merits any of the issues that were previously raised or could have been raised in the defendant's multiple 2255s, then the government does argue that it is a successive motion and that it is far under Gonzales v. Crosby and the associated authorities. So that first issue, there was no COA. That is correct, Your Honor. And is it the government's position that there needs to be a COA for a Rule 60b, assuming that that one claim is a Rule 60b claim? Yes, Your Honor. That would be our argument consistent with what this Court ruled in the Lynn v. Blodgett authority and the Assar case, which was the authority that this Court cited when it remanded the appeal of the Rule 60b-4 motion to the district court to make its findings. And that is a procedure which the Supreme Court has never absolutely endorsed, but has noted with approval is the standard procedure among, I think, all but one of the courts of appeal. And then in regard to that limited issue, which is before this Court, first, the Judge Teresian did... When you say the limited issue, in other words, the validity of the decision denying the original 2255? Yes, Your Honor. That is correct. To the extent that the Rule 60 is being interpreted as an attack on the validity of Judge Teresian's denial of the first 2255, then first, as just a factual matter, Judge Teresian did, I think, address two of the three issues that the defendant now raises. Namely, he did address the Confrontation Clause issue, albeit just in passing in footnote 13 of his ruling, which the defendant was referring in the first 2255 to the Confrontation Clause issue as a legal rights-to-obtain-illegal-results issue. And the Court did mention that again in footnote 13. Moreover, as this Court has mentioned, there was a general statement by the Court that it had reviewed on the merits all of the issues that were raised in the defendant's 2255. I don't believe there is any authority, even if this were on the direct appeal of that issue, which would say that that was defective as a matter of law, particularly in light of the recent authority, such as the Supreme Court's Harrington v. Richter case, or then this Court's Williams v. Cavazos case that came out just last week, which noted that it's only in an extraordinarily rare situation, such as was presented in that case, that a court would find that an issue had not been ruled on by the reviewing court. So you're saying, so even though the District Court did not specifically make findings, as the opposing counsel says, or rulings on those two claims, you're saying there's no statutory or requirement of this Court that the District Court do so? Yes, Your Honor, since I don't believe there's any authority that says that there was anything defective, even if we were on direct appeal with Judge Tabrisian's order. Moreover, of course, we are not on direct appeal. The issue is whether his order is void, and for the reasons set forth in our brief, that is a very high standard. It is a very limited attack, essentially, that the court was acting without power, was acting without jurisdiction. Well, I think the suggestion that the petitioner was entitled to some sort of warning. Well, Your Honor, again, I believe that is in regard to the third issue, which was the appellate counsel issue, and in that regard, Judge Tabrisian, in raising that issue, was actually just logically pursuing an issue related to the apprendee claim, which the defendant did raise, and in a sense was kind of looking out for the defendant, and was checking to see if there was some way that the cause and prejudice requirement in his particular case regarding apprendee could be met. So this is not a situation where the district court ruled in a way that did not provide notice for the defendant. It was the defendant's duty in his 2255 to raise any issues or provide any evidence to the court that would allow it to rule on his motion. And in a sense, Judge Tabrisian, appropriately, because it was a pro per pleading, was going out and trying to find a way to see if the defendant's apprendee claim could be considered on 2255, and appropriately ruled that it could not. Opposing counsel also argues that the district court should have conducted an evidentiary hearing and not ruled on the ineffective assistance claim without some sort of hearing on it. What's your response to that? Well, second, Your Honor, again, that is not the sort of issue that can be raised under a Rule 60b-4 motion. And second, there's been neither at the time or in the brief, there's been no reference to Ninth Circuit authority or other authority that said that defendant had presented sufficient evidence, where as a matter of law or as an abuse of discretion, Judge Tabrisian needed to hold an evidentiary hearing. There are many, many times with 2255s and 2254s that the district court appropriately determines that no evidentiary hearing is necessary, and there's been no showing here. Again, even if we were on direct appeal, that Judge Tabrisian abused his discretion based on the records beforehand. Isn't there a little catch-22, though? Because how could the petitioner have presented that evidence that an evidentiary hearing was needed when he didn't know that the district court was going to jump to ineffective assistance of counsel issue as a cause and prejudice element? Well, again, Your Honor, I think even among proper, just as an empirical matter, even among proper prisoners, it is well known that ineffective assistance of counsel is the best shot one has to winning a 2255. And in any event, because that, again, was Judge Tabrisian looking out, in a sense, for the defendant, it would just be perverse, frankly, to say that by examining that issue and seeing if it could aid the defendant, that somehow he created legal error and then voidness on top of that. There's really no case authority for such an extreme proposition. What was the state of Apprendi at the time that that trial judge made that determination? That case, Judge Byrne made the ruling on the amount of the PCP prior to Apprendi. And then it's set forth in the pleadings, I believe Apprendi was cert. I don't remember now whether cert had been granted when this court ruled on the direct appeal of the trial and the motions for a new trial. Thank you, Counsel. Thank you, Your Honor. Mr. Freeman, you have some reserve time. Thank you. Just if I may, to follow up on Your Honor's point. The sequence of events with regard to the Apprendi issue is that my client raised those in the 2255. And when he raised that argument, he took the position that should have applied to him. And, indeed, it turned out that he was right. And, indeed, the district court judge ruling on the motion so concluded. What the district court judge then went on to do without notice was to figure out a way to deny, effectively, the application of Apprendi. Well, he said it was procedurally barred, right? It hadn't been raised on direct appeal. That's correct. And so then the only way to get there is cause and prejudice. That's, I think, what opposing counsel was saying. The district court judge was saying, well, is there a basis for cause and prejudice? Right. But instead of just stopping his ruling and saying that Apprendi applies in this case and grant relief on that basis, he went to the issue of whether or not it was procedurally barred. Didn't the government raise that, though? I'm sorry. I thought the government raised procedural bar in its papers. And I don't believe that they did. I'm trying to go back and recall that piece of that particular document. I'm not clear about it. What I don't believe was raised in those papers was anything dealing with the option of an ineffective assistance of counsel argument being used to defeat the procedural bar. Because that concept never shows up in the pleadings until you get the opinion from the district court judge. And, of course, at that point in time, the argument that my client hadn't provided any evidence, as Your Honor noted, is because it wasn't an issue that he had raised. And, in fact, it wouldn't have made any sense to raise the issue unless Apprendi, in fact, was determined to apply to my client. And so that was the step in the equation that my client put forward, and he was successful in that argument, but not ultimately successful in getting the relief. Thank you. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument next in Cole v. Hartford Financial.
judges: Piersol, O'scannlain, Ikuta